## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BRISEIDA VICENTE MORENO** | **CIVIL NO. 16-** |
| **Plaintiff** | **DISABILITY DISCRIMINATION; RETALIATION;** |
| **v.** | **WRONGFUL DISCHARGE; DAMAGES** |
| **SPRINT INTERNATIONAL CARIBE, INC.; MAYDA DÍAZ** | **TRIAL BY JURY DEMANDED** |
| **Defendants** | |

### COMPLAINT

TO THE HONORABLE COURT:

COMES NOW plaintiff, Briseida Vicente Moreno ("Vicente"), through the undersigned attorneys, and very respectfully states, alleges and prays:

### I. NATURE OF THE ACTION AND JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Amendments Act ("ADAAA"), 48 U.S.C. §§12101, *et seq.*; Puerto Rico Law No. 44 of July 2, 1985, as amended ("Law No. 44"); the Puerto Rico Disabilities Act, Puerto Rico Law No. 53 of August 30, 1992, as amended ("Law No. 53"); and the Puerto Rico Unjust Dismissal Act, Law No. 80 of May 30, 1976 ("Law No. 80"), seeking compensatory, double and liquidated damages, and equitable and injunctive relief to seek redress for defendants' disability discrimination and retaliation against Vicente, and/or compensation for wrongful discharge under Law No. 80.

2. This court has jurisdiction to entertain this action pursuant to the ADA and ADAAA, 42 U.S.C. §§12101, *et seq.* Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367(a) to hear the Commonwealth of Puerto Rico law claims because these are

so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(1) and (2), as the defendants reside in Puerto Rico and all the discriminatory and retaliatory employment practices alleged in the Complaint occurred within the judicial district of Puerto Rico.

## II. THE PARTIES

4. Vicente is of legal age, a citizen of the United States and a resident of Caguas, Puerto Rico.

5. Vicente began working for Sprint International Caribe, Inc. ("Sprint") on April 3, 2000.

6. Vicente is an employee under all of the federal and local statutes upon which she bases her requests for relief.

7. At all times relevant to this complaint, Vicente suffered from breast cancer and from depression.

8. Vicente's conditions affected several of her major life activities, including caring for herself, performing manual tasks, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, concentrating, thinking, communicating and working.

9. At all relevant times, Vicente was an "employee with a disability" under the provisions of the ADA and ADAAA, and is within the protected class under those statutes as well as under their Puerto Rico counterparts. In the alternative, defendants regarded Vicente as disabled.

10. Co-defendant Sprint is, and at all times hereinafter mentioned was, a corporation duly created under the laws of and with its principal place of business in the Commonwealth of Puerto Rico.

2

11. At all times relevant herein, Sprint was Vicente's employer.

12. Sprint employs more than twenty (20) employees on a daily basis as the term is defined in 42 U.S.C. §12114.

13. Sprint is an "employer" under all of the federal and state provisions of law under which Vicente claims relief.

14. Sprint is an "employer" under Puerto Rico Laws Nos. 44, 53, 80 and 115.

15. Co-defendant Mayda Díaz ("Díaz") was, at all times relevant to this complaint, the General Business Account Sales Manager of Sprint and Vicente's supervisor.

16. Díaz is an "employer" under Puerto Rico Law No. 115.

### III. ADMINISTRATIVE PROCEEDINGS

17. Vicente filed a timely charge of employment discrimination and retaliation on the basis of disability with the Anti-Discrimination Unit of the Department of Labor ("ADU") on September 1, 2015. The ADU referred the charge to the Equal Employment Opportunity Commission ("EEOC"). The charge number at the EEOC is 16H-2015-00826.

18. The EEOC issued its Notice of Right to Sue as to Vicente's charge on July 27, 2016.

19. The instant complaint is being filed within ninety (90) days of Vicente's receipt of the Notice of Right to Sue.

### IV. THE FACTS

20. Vicente repeats and incorporates each and every preceding allegation as if fully set herein.

21. Vicente began working for Sprint on April 3, 2000 as an Account Executive.

22. On June 24, 2005, Vicente was diagnosed with cancer of the womb.

3

23. As a result of the June 24, 2005 diagnosis, Vicente had to submit herself to an emergency operation, as part of which her womb and ovaries were removed.  Vicente also had to receive radiotherapy.

24. After her operation, Vicente remained in remission.

25. Sprint was aware in 2005 of Vicente's cancer diagnosis and of her operation.

26. On or around 2011, Díaz became Branch Manager at Sprint and Vicente's supervisor.

27. In late 2013, Vicente began to show abnormalities in her breasts, as a result of which she submitted herself to a series of biopsies.

28. Vicente submitted herself to several other biopsies and studies in 2014.

29. Vicente was diagnosed with Bilateral Breast Cancer and Acquired Breast Cancer.

30. Consequently, Vicente would have to be operated on once again.

31. The operation was scheduled for April 28, 2015.

32. Defendants were aware at all times relevant to this case of the fact that Vicente had been diagnosed with breast cancer and that she would have to be operated on.

33. Vicente informed Díaz of her diagnosis and upcoming operation.

34. Díaz was aware of and at times saw the wounds on Vicente's breasts which resulted from the various biopsies and procedures to which Vicente was subjecting herself.

35. Vicente requested, as a reasonable accommodation, that she be allowed to enter and exit the office intermittently, as well as to perform her duties in a relatively slower manner.

36. Moreover, as a result of discovering that she had cancer again and that she would have to subject herself to another operation, Vicente fell into a state of depression and had to receive psychological treatment in preparation for her operation.

37. Vicente informed defendants of her depression condition.

38. On April 6, 2015, less than a month before her breast cancer operation, Vicente reminded Díaz that she was taking psychological therapies and requested a stress-free work environment as a reasonable accommodation.

39. Díaz's response to Vicente's reasonable accommodation request was to send her an e-mail on April 17, 2015 (to which Díaz copied two of Sprint's Human Resources representatives) in which Díaz included a list of Vicente's "absences" from work.  Díaz further requested that Vicente produce certain information within four (4) days or else she would be fired.

40. Díaz was aware that the "absences" to which she made reference in her e-mail were all as a result of Vicente's treatment of her breast cancer and depression.

41. Díaz's e-mail of April 17, 2015 constituted disability discrimination and/or retaliation against Vicente for seeking a reasonable accommodation.

42. Vicente responded to Díaz's e-mail on April 20, 2015.

43. Vicente told Díaz that her health came first and requested that Díaz not subject her to undue pressure, because that would only worsen her depression condition.

44. Vicente also reminded Díaz that her operation was scheduled for April 28, 2015 and that, once Vicente had finished recovering and healing from the operation, she would return to her duties.

45. Vicente sought legal advice and, on April 24, 2015, she sent a letter to defendants from her attorney requesting that defendants cease and desist from their discriminatory conduct against Vicente.

46. Through her attorney's letter, Vicente reminded defendants that she suffered from a critical condition that impeded her from working at the moment.

47. Vicente also reminded defendants through her attorney's letter that Vicente was undergoing pre-operative treatment which required her, among other things, to control her stress and attend many medical appointments.

48. Finally, Vicente requested through her attorney that she be allowed to complete her treatment and recovery, in order to then resume her duties with Sprint.

49. Vicente's attorney's letter of April 24, 2015 constituted protected activity under the ADA, Law No. 44 and Law No. 115, as amended.

50. Vicente's operation took place as scheduled on April 28, 2015.

51. On May 18, 2015, Vicente, who was still recovering, informed Díaz that her surgeon had advised her to wait an additional three (3) weeks in order to recover from the operation.

52. On June 17, 2015, Vicente's physician, Dr. Juan Maldonado Ravelo, formally discharged her and indicated that she could return to work, but reminded her that she still needed two (2) additional breast-reconstruction operations.

53. Vicente reported to work on June 17, 2015.

54. On that date, Vicente showed the wounds that resulted from her operation to Sprint's General Manager, Patricia Eaves.

55. As soon as Vicente reported back to work at Sprint on June 17, 2015, Díaz summoned her to a meeting for June 19, 2015.

56. Vicente went to the meeting on June 19, 2015.

57. During the meeting, in addition to Vicente and Díaz, personnel from Sprint's Human Resources headquarters in Kansas were present via telephone.

58. During the meeting, defendants informed Vicente that she was terminated effective immediately.

59. Defendants alleged that Vicente was terminated because of "ethical violations."

60. Vicente had not engaged in any "ethical violations."

61. Defendants' claim that Vicente engaged in "ethical violations" was a pretext to discriminate against Vicente on account of her disability and/or to retaliate against her for seeking a reasonable accommodation and for complaining of defendants' discriminatory conduct.

62. Defendants' decision to terminate Vicente was driven by their motivation to discriminate against her on account of her disability and/or to retaliate against her for engaging in protected conduct by having requested a reasonable accommodation and complained of defendants' discriminatory conduct.

63. Vicente has suffered severe emotional and economic damages as a result of defendants' discrimination and retaliation.

64. Defendants are jointly and severally liable for all of the damages caused to Vicente as a result of the discriminatory and retaliatory conduct related herein.

## V. FIRST CAUSE OF ACTION

65. Vicente repeats and realleges each and every preceding allegation as if fully set herein.

66. Vicente was discriminated against by defendants on the basis of her disability.

67. Vicente has suffered severe economic and emotional damages as a result of defendants' discrimination on account of her disability.

68. Defendants' conduct constitutes a violation of the ADA and the ADAAA.

69. Vicente is entitled to economic and emotional damages and continuous loss of income caused as a proximate result of defendants' discriminatory conduct, in violation of the ADA and the ADAAA.

70. As a result of defendants' discriminatory conduct, Vicente is also entitled to injunctive relief in the form of an order for defendants to reinstate her and to cease and desist of any further discriminatory and retaliatory conduct against Vicente.

## VI. SECOND CAUSE OF ACTION

71. Vicente repeats and reincorporates each and every preceding allegation as if fully set herein.

72. Defendants' discriminatory practices against Vicente were malicious and/or carried out with reckless indifference towards Vicente's federally protected rights.

73. Defendants knew or should have known that their conduct towards Vicente contravened the ADA and the ADAAA.

74. As a result of defendants' disability discrimination against Vicente, she is entitled to punitive damages in an amount not less than $299,999.00.

## VII. THIRD CAUSE OF ACTION

75. Vicente repeats and incorporates by reference each and every preceding allegation as if fully set herein.

76. Defendants' conduct constitutes discrimination on the basis of disability under Puerto Rico Laws No. 44 and 53.

77. Vicente has suffered severe economic and emotional damages as a result of defendants' discrimination on account of her disability.

78. Sprint is liable to Vicente for double the economic and emotional damages and continuous loss of income caused as a proximate result of defendants' discriminatory conduct on the basis of disability.

## VIII. FOURTH CAUSE OF ACTION

79. Vicente repeats and incorporates by reference each and every preceding allegation as if fully set herein.

80. Vicente engaged in protected conduct under ADA, ADAAA and Law No. 44, and as a result of the assertion of her rights to work in an environment free of disability discrimination and of requesting reasonable accommodation, she has been subjected to adverse employment actions, which concluded with the termination of her employment.

81. Vicente has suffered severe economic and emotional damages as a result of defendants' retaliation against her.

82. As a result of defendants' retaliatory conduct, Vicente is entitled to an award of economic, emotional, double and special damages and continuous loss of income caused as a proximate result of defendants' retaliatory conduct.

83. As a result of defendants' retaliatory conduct, Vicente is also entitled to injunctive relief in the form of an order for defendants to reinstate her and to cease and desist of any further retaliatory treatment against her.

## IX. FIFTH CAUSE OF ACTION

84. Vicente repeats and incorporates by reference each and every preceding allegation as if fully set herein.

85. Defendants' retaliatory practices against Vicente for exercising her rights under the ADA and the ADAAA were malicious and/or carried out with reckless indifference towards Vicente's federally protected rights.

86. Defendants knew or should have known that their conduct towards Vicente contravened the federal and local anti-retaliation provisions.

87. Vicente is entitled to punitive damages as a result of defendants' retaliatory conduct in an amount not less than $299,999.00.

## X. SIXTH CAUSE OF ACTION

88. Vicente repeats and incorporates by reference each and every preceding allegation as if fully set herein.

89. Vicente engaged in "protected conduct" under Law No. 115.

90. As a result of engaging in protected conduct, defendants retaliated against Vicente in violation of Law No. 115.

91. Vicente has suffered severe emotional and economic damages as a result of defendants' retaliation against her.

92. Defendants are liable to Vicente for double the economic and emotional damages and continuous loss of income caused as a proximate result of defendants' discriminatory conduct, together with an award of costs and attorneys' fees.

## XI. SEVENTH CAUSE OF ACTION

93. Vicente repeats and incorporates by reference each and every preceding allegation as if fully set herein.

94. Sprint terminated Vicente without just cause in violation of Puerto Rico Law No. 80.

95. As a result of Vicente's wrongful termination, she is entitled to indemnity under Law No. 80 in the total amount of $90,179.79, plus an award of attorneys' fees equal to no less than 15% of her indemnity.

## XII. DEMAND FOR JURY TRIAL

96. Vicente hereby demands that all of her causes of action be tried before a jury.

10

**WHEREFORE**, all premises considered, Vicente prays from this Honorable Court the following relief:

1. An order directing defendants to reinstate her to a discrimination and retaliation-free work environment;

2. Loss of income;

3. Lost benefits, both past and future;

4. Compensatory and emotional damages in an amount not less than $750,000.00;

5. Double compensatory, emotional and economic damages under Laws Nos. 44, 53 and 115.

6. Punitive damages in an amount not less than $299,999.00;

7. An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements;

8. Indemnity under Puerto Rico Law No. 80 in the amount of $90,179.79;

9. Prejudgment interests;

10. An income tax differential for any amount to be paid by Vicente in excess of her usual personal income tax rate as a result of compensation for lost income as relief for defendants' discriminatory conduct; and

11. Any other remedies which this court may deem just and proper.

11

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 26th day of September, 2016.

| | |
|---|---|
| **LAW OFFICE OF CARLOS VERGNE** | **GONZÁLEZ MUÑOZ LAW OFFICES, PSC** |
| 24 Mariana Bracetti St., 2nd Floor | P.O. Box 9024055 |
| San Juan, PR 00918 | San Juan, PR 00902-4055 |
| Tel. (787) 753-3799 | Tel. (787) 766-5052 |
| Fax (787) 759-8429 | Fax (787) 766-5551 |
| e-mail: carlosvergne@aol.com | e-mail: info@gonzalezmunozlaw.com |
| | |
| *s/Carlos M. Vergne Vargas* | *s/Juan Rafael González Muñoz* |
| CARLOS M. VERGNE | JUAN RAFAEL GONZÁLEZ MUÑOZ |
| USDCPR No. 209611 | USDCPR No. 202312 |